Filed 5/12/15  Popovich v. Wachovia Mortgage Corp. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| DEBORAH POPOVICH, | B251320 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC063961) |
| v. | |
| WACHOVIA MORTGAGE CORPORATION, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Law Offices of Jeffrey T. Belton, Jeffrey T. Belton; Trujillo & Winnick, Anthony W. Trujillo and Alexander H. Winnick for Plaintiff and Appellant.

Ram, Olson, Cereghino & Kopczynski and Matt J. Malone for Consumer Attorneys of California as Amicus Curiae on behalf of Plaintiff and Appellant.

Anglin Flewelling Rasmussen Campbell & Trytten and Robert A. Bailey for Defendants and Respondents.

_____

Defendants Wachovia Mortgage Corporation and Wells Fargo Bank obtained summary judgment in this post-foreclosure litigation. Plaintiff Deborah Popovich, the special administrator of the estate of original plaintiff Larry Delassus, appeals. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2007, Delassus obtained a loan secured by a deed of trust from World Savings Bank, FSB for his home.[1] Although the parties dispute the details of the changes in banking institutions that subsequently occurred, they appear to agree that World Savings became a Wachovia institution[2] and that ultimately Wells Fargo Bank became the holder of the loan.

In January 2009, Wachovia advised Delassus that he had become delinquent in paying his property taxes for the years 2007-2008 and 2008-2009. This was an error; the taxes were owed on a neighboring property. Wachovia paid the taxes and then increased Delassus's minimum loan payment in May 2009 to recover those taxes. Delassus made no subsequent payments on the loan.

---

[1] Although Delassus disputed this statement of material fact in the trial court, it appears that he disputed the evidence the defendants supplied to support the statement of fact rather than the truth of this introductory fact itself. While Delassus disputed the majority of the statements of material fact made by the defendants in their separate statement, when the dispute concerns immaterial matters or Delassus's own papers and evidence supports the statement of fact we treat the statement as fundamentally undisputed.

[2] Wachovia Mortgage Corporation and Wells Fargo Bank presented evidence to the trial court that World Savings Bank changed its name to Wachovia Mortgage, FSB and then became a division of Wells Fargo Bank. Delassus disputed this evidence and submitted evidence that Wachovia, Inc., the parent company of Wachovia Bank, NA, acquired all the shares of World Savings Bank's parent company; that World Savings sold its assets to Wachovia Bank, NA; and that Wachovia Mortgage, FSB became a branch of Wells Fargo. While we acknowledge the existence of a factual dispute over the corporate transitions, resolution of this dispute is not necessary to permit our review of the summary judgment here. Without deciding the issue, for the purposes of resolution of this appeal we assume that both Wachovia Mortgage Corporation and Wells Fargo Bank are responsible for all lender activity in this action.

On July 16, 2010, a notice of default was recorded against the property. A trustee's sale of the home was scheduled, but Delassus filed this suit and obtained a temporary restraining order barring the sale. In September 2010, Wells Fargo acknowledged the error in paying the property taxes on the neighboring property and corrected it, adjusting the amount due on Delassus's account to reflect that he did not owe for the taxes that had been paid. Wells Fargo also removed late charges imposed from May 2009 through September 2010 from the account.[3]

Delassus did not make any payments after these changes. He also failed to pay his 2009-2010 property taxes. Wells Fargo paid the property taxes. Delassus's requests for a loan modification were denied in March 2010 and in October 2010. In October 2010, Wells Fargo informed Delassus that his monthly payment would rise to $1715.58 per month as of December 2010. Delassus did not make the December 2010 payment or any subsequent payments on the loan.

The temporary restraining order barring the sale of the home was dissolved on May 6, 2011, and the house was sold at a trustee's sale on May 13, 2011.

Delassus sued defendants Wachovia Mortgage Corporation and Wells Fargo Bank, alleging in his second amended complaint causes of action for fraud, negligence, discrimination on the basis of physical disability, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, unjust enrichment, unfair business practices under Business and Professions Code section 17200, and slander of title. The defendants successfully demurred to the causes of action for discrimination, wrongful foreclosure, and slander of title. Although Delassus was granted leave to amend with respect to the discrimination claim, he did not file a third amended complaint; the defendants answered the second amended complaint.

---

[3]     Delassus disputed the statements of material fact concerning the removal of the taxes and late charges from his account, but his disputes centered on his assertions that he was not provided a reinstatement amount at that time and that collection activities continued on his delinquent account. He did not argue that these amounts were not in fact removed from his loan account.

3

The defendants moved for summary judgment in September 2012. The summary judgment hearing began on December 19, 2012, but it was not completed due to Delassus suffering a medical emergency in the courtroom. Delassus passed away that day.

The action was subsequently stayed to permit Popovich to be substituted in as plaintiff. After the substitution, the summary judgment hearing resumed on July 8, 2013. The court granted summary judgment in the defendants' favor. Popovich appeals, claiming error as to the claims for negligence and breach of the covenant of good faith and fair dealing.

## DISCUSSION

### I.      Evidentiary Objections

The defendants filed 52 objections to the evidence in support of the opposition to the summary judgment motion. At the conclusion of the summary judgment hearing, after the trial court had granted summary judgment, the court ruled, "As to defendant[s'] objections, Objections 1 to 52 are sustained." Popovich's counsel asked the court to state the basis for the evidentiary rulings, and the court said, "No, I'm not going to go through 52 objections one by one. No." Popovich argues that the trial court erred when it summarily ruled on the 52 objections.

The defendants argue that Popovich has forfeited any objection to the ruling on the evidentiary objections by not submitting a record of the first portion of the summary judgment hearing in December 2012. They argue that in the absence of a settled or agreed statement or some other record of the untranscribed December 2012 portion of the hearing, this court should presume that in the unrecorded portion of the hearing "the trial court heard arguments on and properly addressed every issue raised by Appellant." While the defendants are correct that when the record is silent, all intendments and presumptions weigh in favor of affirming the judgment (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), this principle does not require us to make presumptions that are contradicted by the record before us. Here, the record affirmatively shows that at the conclusion of the summary judgment hearing in July 2013 the court expressly declined to

4

articulate any basis for its blanket ruling on evidentiary objections. None of the court's statements suggest that the court had already addressed the evidentiary objections or that counsel was returning to subjects previously discussed when he asked the court to provide specific rulings for the evidentiary objections. The record before us is sufficient to permit us to review the court's ruling on the evidentiary objections.

"Summarily ruling on multiple evidentiary objections 'has been criticized by many [appellate] courts.' [Citation.] When a trial court issues a blanket ruling on numerous evidentiary objections without providing any reasoning, there 'is hardly a ruling, as it could not provide any meaningful basis for review.' [Citation.]" (*Twenty-Nine Palms Enterprises Corp. v. Bardos* (2012) 210 Cal.App.4th 1435, 1447 (*Twenty-Nine Palms*).) While we acknowledge that the standard of review applicable to evidentiary rulings on summary judgment is unsettled (see *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535 [declining to decide whether the trial court's rulings on evidentiary objections in summary judgment proceedings are reviewed for abuse of discretion or reviewed de novo]), under either standard of review, the trial court erred in its evidentiary rulings.

Delassus filed two declarations to support his opposition to the summary judgment motion, one by his counsel, Anthony Trujillo, and the other by expert witness Denise Wilhite Thomas. Excluding the caption and proof of service pages, Thomas's declaration was two pages long and Trujillo's seven pages long. The defendants submitted nine objections to Thomas's declaration and 43 objections to Trujillo's declaration and its attached exhibits. These objections included objections to both declarations in their entirety, as well as to full paragraphs of each declaration.

In Objection No. 1, the defendants objected to Trujillo's entire declaration on the grounds that it lacked foundation (Evid. Code, § 403), was not based on personal knowledge and was speculative (Evid. Code, § 702), and that the declaration did not "state [the] factual basis for the claim of personal knowledge beyond mere conclusion." It was error to exclude the entire declaration on these grounds. The objection to the failure to state the factual basis of the claim of personal knowledge was based upon the fact that Trujillo erroneously identified himself as the plaintiff rather than the attorney for

5

the plaintiff in the first sentence of the declaration. The defendants argued, "He obviously is not [the plaintiff] and has not stated any other factual basis for his knowledge." Trujillo filed a corrected declaration and a notice of errata regarding this error in the declaration, but the court nonetheless sustained the objection as part of its blanket ruling on the evidentiary objections. The presence of a typographical error in a declaration, particularly one that subsequently has been corrected, does not provide a legal basis for excluding an entire declaration and all of the plaintiff's exhibits in support of the opposition to the summary judgment motion.

Moreover, while some portions of Trujillo's declaration are speculative, lack foundation, or lack personal knowledge, the entire declaration was not subject to exclusion on these grounds. For instance, Paragraph 2 of the declaration states in its entirety, "Attached to the Plaintiff's Evidence in Support of Plaintiff's Opposition to Motion ('ESPO') as Exhibit 1 is a true and correct copy of the Ruling by this Court on November 9, 2011." Clearly this paragraph does not lack foundation; it is not speculative; and there is no basis for concluding that Trujillo, as counsel of record, lacked personal knowledge as to the documents filed in the matter. Similarly, several paragraphs recite actions that Trujillo took as counsel for the plaintiff, actions such as contacting Wachovia on multiple occasions, faxing a power of attorney document and his identification, providing documentation to Wachovia, and transmitting other documents. Counsel's recitation of his own conduct cannot be said to be without foundation or personal knowledge, or to be speculative, and thus sustaining the objection to the declaration in its entirety was error.

Other objections to Trujillo's declaration are problematic as well. As noted above, a number of the paragraphs identified actions that Trujillo personally took in the course of his representation of Delassus with respect to the pre-foreclosure proceedings and contact with the relevant financial institutions. In a single objection, Objection No. 10, the defendants objected to ten paragraphs that included such recitations, asserting hearsay and relevance as the basis for the objections. The factual allegations of these paragraphs are clearly relevant to the plaintiff's theory of the case. While many of the paragraphs

6

contain hearsay, they also contain statements that are not hearsay, and the objection to all ten paragraphs in their entirety could not properly be sustained.

Given the sweeping nature of the objections, and the problematic nature of some of the objections, as set forth above, we conclude that the trial court erred by sustaining all the objections to Trujillo's declaration in their entirety. (*Twenty-Nine Palms*, *supra*, 210 Cal.App.4th at p. 1449.) Thus, we shall consider all admissible evidence in Trujillo's declaration in reviewing the trial court's ruling on the summary judgment motion. (See *Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 852 ["'[i]n determining whether a triable issue was raised or dispelled, we must disregard any evidence to which a sound objection was made in the trial court, but must consider any evidence to which no objection, or an unsound objection was made'"].)

It was not error, however, to exclude the other declaration in its entirety. In this second declaration, declarant Thomas is referred to in the caption as an expert witness, but the declaration does not allude to, let alone establish, her qualifications or competency to testify. No information is given as to her training, experience, or skill in any field that would render her an expert witness. (*Salasguevara v. Wyeth Labs., Inc.* (1990) 222 Cal.App.3d 379, 386 [expert witness declaration excluded where there is no showing that the purported expert is qualified to express an opinion on relevant matters].) Moreover, the opinions set forth in the declaration are inadmissible because the declaration does not relate the matters relied upon in expressing the opinions; that the opinions rest on matters of a type reasonably relied upon by experts; and the bases for these opinions. (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523-524.)

Not only does Thomas's declaration fail as an expert witness declaration, it also fails as the declaration of a lay witness. Although Thomas declares that she has personal knowledge of the facts recited in the declaration, this conclusory statement is not accompanied by any facts showing that these matters are within her personal knowledge; indeed, the only basis she articulates for the representations made in the declaration is that she reviewed the complaint in the matter and the declarations in support of the summary judgment motion. This is insufficient to establish that the declaration is based

7

on personal knowledge and that the declarant is competent to testify to the matters stated. (Code Civ. Proc.,[4] § 437c, subd. (d); *Snider v. Snider* (1962) 200 Cal.App.2d 741, 753 [conclusory allegation of personal knowledge not sufficient to meet the requirements of § 437c, subd. (d) where the facts stated in the declaration are not matters as to which the declarant would presumably have personal knowledge].)  Although the blanket ruling on the objections to this declaration was not ideal, the court properly excluded the Thomas declaration.

##       II.       Negligence and Breach of the Covenant of Good Faith and Fair Dealing Causes of Action

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (§ 437c, subd. (c).)  "[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law."  (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 850 (*Aguilar*).)  "Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material fact exists as to that cause of action or a defense thereto."  (§ 437c, subd. (p)(2).)  A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar*, at p. 850.)

We review the trial court's ruling granting summary judgment de novo and independently examine the record to determine whether there is a triable issue of material fact. (*Aguilar*, *supra*, 25 Cal.4th at p. 860.)  In performing our de novo review, we consider all evidence presented by the parties in connection with the motion (except that which the trial court properly excluded) and all uncontradicted inferences that the evidence reasonably supports. (*Merrill v. Navegar, Inc*. (2001) 26 Cal.4th 465, 476.)  We

---

**4**       Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

affirm summary judgment where the papers and pleadings show that there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).)

The defendants contend that the entire appeal is foreclosed by the failure to submit a reporter's transcript or settled or agreed statement regarding the first portion of the December 2012 summary judgment hearing. In this case, the record provided to this court is adequate to permit our de novo review of the trial court's summary judgment ruling.

### A. Negligence Cause of Action

In the negligence cause of action, Delassus alleged that the defendants owed him a duty of care in the manner in which they handled and serviced his loan and modification proceedings; that they breached that duty of care by disregarding his welfare and by failing to stop the foreclosure and trustee's sale; and that as a result, he suffered damage from the loss of his real property and "sustained severe emotional distress along with physical manifestations thereof." As to this cause of action, the defendants asserted that they owed no duty of care to Delassus; the claim was an improper attempt to turn a breach of contract claim into a tort; there were no damages; and the cause of action was preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461 et seq. Wachovia Mortgage Corporation also asserted that it was not a proper defendant, as it was a distinct financial institution that had nothing to do with Delassus's loan or its servicing.

The trial court granted the defendants' motion on the negligence claim, stating, "[A] financial institution owes no duty of care to a borrower when the institution's involvement doesn't exceed its scope as a mere lender of money. [¶] Again, there's no evidence here that the defendant did anything other than act in its conventional role as a lender of money. [¶] Additionally, the negligence action with respect to the tax issue is defective, as it improperly attempts to convert a breach of contract cause of action into a tort cause of action. [¶] Also, Plaintiff's theory of negligence based on a breach of duty with respect to defendant's own credit file is not pled in the Second Amended Complaint.

9

[¶] Finally, there aren't any facts to establish damages proxim[ate]ly caused by any conduct on the part of defendants." The court also concluded that Wachovia Mortgage Corporation was not a proper defendant because "[t]he plaintiff failed to establish that that defendant had any connection with the loan or communicated with the plaintiff or his representative regarding the loan."

Although Popovich and amicus curiae extensively brief the issue of whether a duty of care existed here, we need not reach this question because Delassus and Popovich's failure to demonstrate the existence of a triable issue of material fact as to the element of causation is fatal to the claim. Even if we accept for the sake of argument the position that the defendants breached a duty of care to Delassus, neither Popovich nor Delassus demonstrated that their actions caused the injury attributed to the defendants, the loss of Delassus's home.

The defendants produced evidence that Delassus made no loan payments after May 1, 2009; that he became delinquent on his 2009-2010 property taxes; that Wells Fargo paid those taxes and added them to Delassus's account; that it informed him that it was raising his monthly payment as of December 2010; that Delassus did not make the payments due December 2010 or thereafter; that Delassus's monthly income was $1751.50 and his monthly payment starting in December 2010 was $1715.58; that no modification program was available in light of Delassus's monthly income and his debt-to-income ratios; and that foreclosure followed.

In response to the defendants' evidentiary showing, Delassus did not dispute that he defaulted on his loan, that he became delinquent on his property taxes, and that his monthly payment rose but that he did not pay it. He disputed the defendants' statements of material fact that his monthly income was insufficient to support the payment required under any available modification program and that neither Wells Fargo's internal mortgage assistance program nor the federal mortgage assistance program would permit a modification for one with debt-to-income ratio as high as Delassus's, but the evidence he provided in response did not actually dispute their evidence; instead, he identified excessive forbearance as the reason for the denial of a modification and noted that

10

Delassus was not considered for at least one kind of modification because of the value of his home. Delassus neither disputed that he was unable to pay his monthly loan payment amount nor identified any modification program available to one in his circumstances. Even if the defendants breached a duty to him by incorrectly determining in 2009 that he was delinquent on his property taxes and by failing to properly process and apply his final early 2009 loan payment, neither Delassus nor Popovich has established a triable issue of material fact as to whether those breaches of duty caused him to lose his home. Because the papers and pleadings showed that there was no triable issue of material fact and that the defendants were entitled to judgment as a matter of law on this claim (§ 437c, subd. (c)), the trial court properly adjudicated the negligence cause of action.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing Cause of Action

The elements of a cause of action for breach of contract and for breach of the implied covenant of good faith and fair dealing are similar. "The essential elements of a breach of contract claim are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.' [Citation.]" (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614.) While the third element of a breach of contract cause of action is the defendant's actual breach, a breach of the implied covenant of good faith and fair dealing cause of action requires proof the defendant unfairly interfered with plaintiff's right to receive the benefits of the contract. The implied covenant is supplemental to the express contractual covenants. (*Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031-1032.) It imposes upon each contracting party the duty to do everything the contract presupposes he or she will do to accomplish its purpose but cannot be used to create obligations not contemplated by the contract. (*Pasadena Live v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1093-1094.) The trial court adjudicated the cause of action for breach of the implied covenant of good faith and fair dealing, concluding that Delassus/Popovich failed to specifically identify the contracts that were

11

allegedly breached; failed to demonstrate any breach; and failed to establish Delassus's performance of the contract.

While we perform a de novo review of summary judgments, it is always the appellant's burden on appeal to demonstrate that the trial court erred. (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649-650.) On appeal, Popovich argues that the trial court erred for several reasons, one of which was that Delassus's nonperformance under the deed of trust was excused by lender error. Specifically, Popovich contends that "Wachovia's errors prevented Delassus from making further payments." She argues that Wachovia's mistaken determination that Delassus owed property taxes prompted Wachovia to place Delassus in default, and that "[o]nce in default, he could no longer make his scheduled payments." Delassus, she claims, "was prevented from making his payments because Wachovia demanded an incorrect and unaffordable payment and would not accept payment of the correct amount."

We have reviewed the citations to the record provided by Popovich to support these contentions and find that the record does not support her claim that Wachovia prevented Delassus from performing his obligations under the contract. The record is devoid of evidence that Delassus attempted to submit payment on his loan in any amount after his final payment in March 2009 but that the tendered payment was rejected, or that he was otherwise frustrated in his attempt to make payments on his loan. Popovich provided three citations in her opening brief to support her assertions: a citation to three facts in Delassus's separate statement of material facts in opposition to the motion for summary judgment; a citation to two Wachovia loan statements from February and May 2009; and a citation to a few lines of the deposition testimony of Michael Dolan, a Wells Fargo employee. The three identified facts in the separate statement pertain to Delassus's payment made in March 2009 and Wachovia's alleged misapplication of that payment; they do not assert any attempt to make a payment after Delassus's minimum payment was increased as a result of the erroneous determination that he was delinquent on his property taxes. The two loan statements do not show any rebuffed payment attempts, and the deposition testimony referred to by Popovich concerns whether Delassus was advised

12

of the amount he owed under the loan prior to January 25, 2011, and does not pertain to payments attempted or refused. In her reply brief, Popovich points to another excerpt from Dolan's deposition in which he stated that once the foreclosure had proceeded to the final days preceding a trustee's sale, a reinstatement amount should be available to a defaulted borrower, but "[i]f he's asking for 'what my payment is,' they would not be able to provide that because a payment isn't an option at that point in time." This does not establish that Delassus ever attempted to make a payment on the loan but that it was refused, nor does the fact that no monthly payments will be accepted once a home is about to be sold at a trustee's sale demonstrate that the defendants ever frustrated any timely attempts by Delassus to make payments. Delassus and Popovich have failed to demonstrate that the trial court erred and that there existed a triable issue of material fact as to the element of Delassus's performance of the contract or an excuse for his nonperformance.

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.


ZELON, J.


We concur:



PERLUSS, P. J.                    STROBEL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13